## BARBER and another vs. WALKER.

GARNISHMENT :    *Collusion between the garnishee and plaintiff.—Record.*

1. Collusion between a garnishee and the plaintiff, in order to secure the latter his claim against the principal debtor, is no fraud, and constitutes no valid reason for vacating the proceedings in garnishment.
2. The certified statement of a court commissioner as to facts occurring before him in a garnishee suit, cannot be considered upon an appeal from an order of the circuit court vacating such suit, where that order was not based upon such statement, but only upon the papers on file in plaintiff's action against the principal debtor, and in a pending action by such debtor against the garnishee.

APPEAL from the Circuit Court for *Milwaukee* County.

Action for damages upon an alleged breach of the covenants of a warranty deed executed by the defendant to the plaintiffs, and particularly of the covenant for quiet enjoyment *    Pending the action, garnishee proceedings were instituted before a court commissioner against several persons.    By an order of the circuit court, these proceedings were "dissolved, vacated and set aside."    From this order the plaintiffs appealed.

*Cawker & Kshinka,* for appellants, insisted, among other things, that the present action was founded upon contract, and therefore, although the assessment of damages might require the aid of a jury, it was

---

* By ch. 200, Laws of 1864, the process of garnishment is applicable in this state "in any action in the circuit court founded upon contract," where there is a proper affidavit that the garnishee has property of, or is indebted to the principal defendant, and that the latter has not property liable to execution sufficient to satisfy plaintiff's demand.    REP.

a case in which attachment would lie, and the garnishee process was clearly applicable. Ch. 200, Laws of 1864; ch. 53, Laws of 1869; Drake on Attachments, §§ 13, 15 and 22, ch. 2; 3 Caines, 323; 2 Ark. 415; and Sedgwick on Damages, 162.

*Isaac P. Walker*, respondent, in person, argued that there was manifest collusion between the garnishee and plaintiff, and this alone was sufficient to justify the order vacating the suit; and that the plaintiff's demand, from its very nature, was a claim for uncertain damages, and hence attachment or garnishment would not lie. *Hall v. Gale*, 20 Wis. 292; *Clark v. Wilson*, 3 Wash. C. C. 560; *Jeffery v. Wooley*, 5 Halsted, 123; *Jordan v. Hazzard*, 12 Ala. 221; Drake on Attachments, §§ 31–34.

PAINE, J. The plaintiffs in this suit instituted proceedings before a court commissioner for the purpose of garnishing parties who were alleged to be indebted to the defendant. While those proceedings were pending, the circuit court intervened, on motion of the defendant, and made an order dissolving, vacating and setting them aside. From that order this appeal is taken.

The motion and order were made upon the papers on file in this action, and also upon the papers on file in the action by the defendant against Harrison, one of the garnishees, which was pending in the same court.

We do not see that any of these papers furnish or suggest any ground, whatever, for setting aside the garnishee proceedings. The respondent procured a further return, but instead of bringing up, under the certificate of the clerk of the court, any further papers upon which the court below acted in making the order, which could alone have been proper as a further return, he obtained a certified statement, by the court commissioner, of the facts occurring before him in the garnishee proceedings. This cannot be considered.

But if it could, and admitting all that the respondent claimed as a ground for dismissing these proceedings, it was not sufficient.   He insisted that Harrison, the garnishee, was acting in collusion with the plaintiffs, and was trying to delay the defendant's suit against him, and to enable the plaintiffs to succeed in holding whatever debt he owed the defendant, through the garnishee proceedings.   But that is no fraud, and entitles the defendant to no such relief as he has here obtained. It is doubtless frequently the case, that a party liable to garnishment is more willing to pay his debt, or deliver the property he holds, to the one instituting the garnishee proceedings, than to the original owner. But this is no wrong of which the latter can complain. Even though the garnishee were unwilling, and resisted to the utmost, the law would compel him to do it, upon proper proof as to the facts.   And certainly the law could not regard that as fraud when done voluntarily, which it would compel as justice from the unwilling. That collusion whose only object or result is to enable a creditor to collect his debt, is, if wrong at all in the eye of the law, *damnum absque injuria.*

*By the Court.*—The order is reversed, and the cause remanded for further proceedings.